## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Dr. Mark A. BARRY, | ) | |
| | ) | CASE No. _____ |
| Plaintiff | ) | |
| | ) | COMPLAINT |
| v. | ) | |
| | ) | JURY TRIAL REQUESTED |
| GLOBUS MEDICAL, INC. | ) | |
| | ) | |
| Defendant. | ) | |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Dr. Mark A. Barry ("Dr. Barry"), through his undersigned counsel, hereby alleges as follows:

### THE PARTIES

1.      Dr. Barry is an orthopaedic surgeon who resides in Las Vegas, Nevada.  Dr. Barry is sole owner of United States Patent Nos. 7,670,358 ("the '358 patent"); 8,361,121 ("the '121 patent"); 9,339,301 ("the '301 patent"); 9,668,787 ("the '787 patent"); and 9,668,788B2 ("the '788 patent").

2.      On information and belief, Defendant Globus Medical, Inc. ("Globus") is a corporation organized and existing under the laws of Delaware, with its principal place of business in Audubon, Pennsylvania.

### JURISDICTION AND VENUE

3.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*  The Court has subject matter jurisdiction pursuant to 35 U.S.C. §§ 1331 and 1338(a).

4.      The Court has personal jurisdiction over Globus because it has its principal place of business within this judicial district in Audubon, Pennsylvania and because Globus has committed acts of infringement in this district.

5.      Venue is proper pursuant to 28 U.S.C. § 1400(b).  Globus has committed, induced, and/or contributed to the acts of infringement alleged herein in this district and these claims arise from those acts.  Globus has regularly engaged in business in Pennsylvania and in this district, through at least the presence of its headquarters and principle place of business in this district.  Additionally, Globus has purposely availed itself of the privileged of conducting business in this district, for example, by manufacturing, offering, and selling infringing products in this district.

**THE '358 PATENT**

6.      On March 2, 2010, the United States Patent Office issued the '358 patent, entitled SYSTEM AND METHOD FOR ALIGNING VERTEBRAE IN THE AMELIORATION OF ABERRANT SPINAL COLUMN DEVIATION CONDITIONS.  (Copy Attached as Exhibit A).

7.      Dr. Barry is the owner of all right, title, and interest in the '358 patent, including the right to sue, enforce, and recover damages for all infringements.

8.      The '358 patent has not expired and is in full force and effect.

9.      Pursuant to 35 U.S.C. § 282, the '358 patent and each of its claims are valid and enforceable.

10.      The '358 patent contains claims, for example claims 4 and 5, directed to a method of derotating vertebrae via the simultaneous application of force to linked engagement members attached to implanted pedicle screws.

## THE '121 PATENT

11.     On January 29, 2013, the United States Patent Office issued the '121 patent,

entitled SYSTEM AND METHOD FOR ALIGNING VERTEBRAE IN THE

AMELIORATION OF ABERRANT SPINAL COLUMN DEVIATION CONDITIONS.  (Copy

Attached as Exhibit B).

12.     Dr. Barry is the owner of all right, title, and interest in the '121 patent, including

the right to sue, enforce, and recover damages for all infringements.

13.     The '121 patent has not expired and is in full force and effect.

14.     Pursuant to 35 U.S.C. § 282, the '121 patent and each of its claims are valid and

enforceable.

15.     The '121 patent contains claims, for example claims 2, 3, and 4, directed to a

system used in derotating vertebrae via the simultaneous application of force to linked

engagement members attached to implanted pedicle screws.

## THE '301 PATENT

16.     On May 17, 2016, the United States Patent Office issued the '301 patent, entitled

SYSTEM AND METHOD FOR ALIGNING VERTEBRAE IN THE AMELIORATION OF

ABERRANT SPINAL COLUMN DEVIATION CONDITIONS.  (Copy Attached as Exhibit C).

17.     Dr. Barry is the owner of all right, title, and interest in the '301 patent, including

the right to sue, enforce, and recover damages for all infringements.

18.     The '301 patent has not expired and is in full force and effect.

19.     Pursuant to 35 U.S.C. § 282, the '301 patent and each of its claims are valid and

enforceable.

20.     The '301 patent contains claims, for example claims 1-10, directed to both a system for use in, as well as the method for, derotating vertebrae via the simultaneous application of force to linked engagement members attached to implanted pedicle screws.

## THE '787 PATENT

21.     On June 6, 2017, the United States Patent Office issued the '787 patent, entitled SYSTEM AND METHOD FOR ALIGNING VERTEBRAE IN THE AMELIORATION OF ABERRANT SPINAL COLUMN DEVIATION CONDITIONS.  (Copy Attached as Exhibit D).

22.     Dr. Barry is the owner of all right, title, and interest in the '787 patent, including the right to sue, enforce, and recover damages for all infringements.

23.     The '787 patent has not expired and is in full force and effect.

24.     Pursuant to 35 U.S.C. § 282, the '787 patent and each of its claims are valid and enforceable.

25.     The '787 patent contains claims, for example claims 1-9, directed to a method for derotating vertebrae via the simultaneous application of force to linked elongated levers attached to implanted pedicle screws.

## THE '788 PATENT

26.     On June 6, 2017, the United States Patent Office issued the '788 patent, entitled SYSTEM AND METHOD FOR ALIGNING VERTEBRAE IN THE AMELIORATION OF ABERRANT SPINAL COLUMN DEVIATION CONDITIONS.  (Copy Attached as Exhibit E).

27.     Dr. Barry is the owner of all right, title, and interest in the '788 patent, including the right to sue, enforce, and recover damages for all infringements.

28.     The '788 patent has not expired and is in full force and effect.

29.     Pursuant to 35 U.S.C. § 282, the '788 patent and each of its claims are valid and enforceable.

30.     The '788 patent contains claims, for example claims 1-6, directed to a system for use in derotating vertebrae via the simultaneous application of force to linked elongated levers attached to implanted pedicle screws.

## KNOWLEDGE OF DR. BARRY'S PATENTS AND PATENT RIGHTS

31.     Globus is a competitive manufacturer of medical devices and competes in the relevant area of spinal correction with various companies.  For example, Globus's 2016 Annual Report (available at http://www.globusmedical.com/investors/annual-report-and-proxy-statements/ (last visited June 28, 2017)) states, under the heading "Competition," that:

> We believe that our significant competitors are Medtronic, the DePuy Synthes Companies (a division of Johnson & Johnson), Stryker and NuVasive. Alphatec Spine, Orthofix International, Zimmer Biomet, K2M and other smaller public and private companies are also competitors of ours. At any time, these or other market participants may develop alternative treatments, products or procedures for the treatment of spine disorders that compete directly or indirectly with our products. They may also develop and patent processes or products earlier than we can, or obtain regulatory clearance or approvals for competing products more rapidly than we can.
>
> We compete in the marketplace to recruit and retain qualified scientific, management and sales personnel, as well as in acquiring technologies and technology licenses complementary to our products or advantageous to our business.

32.     Given the competitive landscape in which Globus operates, on information and believe, Globus has monitored not only the products and techniques offered by their competitors, but also their intellectual property and licenses competitors have reached regarding third party intellectual property rights.

33.     As stated on the face of Dr. Barry's earliest patent at issue in this complaint, Dr. Barry's parent '358 patent published in 2006.  Dr. Barry's patent rights were licensed by Biomet,

which initially commercialized Dr. Barry's invention and sells a product thereunder known as Trivium Derotation System.  Upon information and belief, Globus has known of Dr. Barry and his inventions, including issued United States Patents since March 2010 through its efforts to keep appraised of its industry and/or the intellectual property associated with its industry.

34.     By way of example, Globus disclosed to the U.S. Patent Office at least one of Dr. Barry's patents, a child of the '358 patent and parent application to the remaining patents in this complaint, during prosecution of one of Globus's own patent application, which application ultimately issued as United States Patent No. 9,526,526.

35.     By virtue of knowledge of this patent, Globus was aware of the publicly available related applications, published applications, and issued patents.

36.     Dr. Barry recently sued Medtronic on the same technology at issue in this complaint, including two of the asserted patents (the '358 and '121 patents), in the Eastern District of Texas.  Civil Action No. 1:14-cv-104 ("Medtronic Case").  These patents are the parent patents to the remaining patents in this complaint.  Dr. Barry asserted that Medtronic's VCM system infringed upon his patent rights and ultimately prevailed at trial with a finding of willful infringement, no invalidity, and no inequitable conduct.  Globus sells products that compete with Medtronic's VCM system as well as Biomet's Trivium Derotation System.

37.     Upon information and belief, Globus was aware of the Medtronic Case since the inception of that suit.  At the very least, Globus would have learned of Dr. Barry and his patents no later than January 27, 2016, when it was served with a subpoena in relation to the Medtronic Case regarding products it manufactures, sells, loans, advertises, distributes, or otherwise commercializes capable of rotating vertebrae using two or more linked rods, tubes, or levers. Specifically, the subpoena sought information regarding the number of times such a system has

been used, revenue received in association with such use, and when Globus first became aware of Dr. Barry's patents or the system marketed by Biomet known as Trivium Derotation System.

38.     That subpoena specifically identified the '358 patent and the '121 patent, both of which are parent applications to the remaining patents in this complaint.  Globus accordingly had access to the details of Dr. Barry's published applications for the patents in this complaint even before their issuance.

39.     Upon information and belief, Globus has been aware of Medtronic's VCM system since that product was released on the market and further aware that system was found to willfully infringe Dr. Barry's patents.

40.     Likewise, upon information and belief, Globus has been aware of Biomet's Trivium Derotation System since that product was released on the market.

41.     In light of all of the indications of the patented methods and systems that Globus's product implemented, Globus should have been compelled to conduct a patent search that would identify Dr. Barry's patent rights.  To the extent Globus did not do so, such conduct was intentional, or at the very least, willfully blind to Dr. Barry's patent rights.

42.     Based on these facts, Globus has either affirmatively known of Dr. Barry's intellectual property covering the equipment and techniques associated with the Globus Products as described herein, or at the very least, been willfully blind to the existence of that intellectual property and its relation to the Globus Products as described herein.

## GLOBUS PRODUCTS

43.     The term "Globus Products" as used herein refers to the REVERE® Deformity Vertebral Derotation Instruments, the CREO® Derotation System, and any other instruments

manufactured, sold, distributed, loaned, or otherwise used to derotate *en bloc* multiple levels of vertebrae.

44. Upon information and belief, the Globus Products were designed to compete in the market with products such as Medtronic's VCM product and Biomet's Trivium Derotation System.

45. Globus has manufactured, sold, distributed, loaned, or otherwise made available vertebral derotation instruments under the name REVERE® Deformity Vertebral Derotation Instruments.

46. The following image of the REVERE® Deformity Vertebral Derotation Instrument shows six levers or rods attached to six pedicle screws and connected via rods both along the length of the spine as well as conversely across the spine:



47. The image from Paragraph 46 was taken from Globus Medical's website and is attached hereto as Exhibit F.

48. As is clear from the REVERE® Deformity Vertebral Derotation Instruments description, "[t]his coupling feature allows for *en bloc* vertebral derotation which distributes the forces over multiple vertebral levels."  *See* Exhibit F.

49.     According to the REVERE® Deformity Vertebral Derotation Instruments description, the system can be used with REVERE® line of implantable products.  *See* Exhibit F.

50.     Globus has manufactured, sold, distributed, loaned, or otherwise made available vertebral derotation instruments under the name CREO® Derotation System.

51.     The following image of the CREO® Derotation System shows four levers or rods attached to four pedicle screws and connected via rods both along the length of the spine as well as conversely across the spine:



52.     The image from Paragraph 51 was taken from Globus Medical's website and is attached hereto as Exhibit G.

53.     As is clear from the CREO® Derotation System description, "[t]his revolutionary system is designed for simple, quick, and rigid connections to multiple anchoring points with three tower options for varying techniques . . . .  The CREO® Derotation System can be used for various derotation maneuvers, such as segmental, *en bloc*, rib hump correction, and translation or coronally displaced vertebrae."  *See* Exhibit G.

54.     According to the CREO® Derotation System description, the CREO® Derotation System can be used with the CREO® line of implantable products.  *See* Exhibit G.

55.     Globus specifically and intentionally has designed the Globus Products to be competitive in the market, making use of industry norms in the standard of care such an *en bloc* derotation, and upon information and belief has and will continue to educate, encourage, direct, train, or otherwise induce the performance of methods and construction of instruments that make use of those norms.

## COUNT I:  WILLFUL INFRINGEMENT OF THE '358 PATENT

56.     Dr. Barry incorporates by reference the averments of paragraphs 1-55 of this Complaint as though fully set forth here.

57.     Globus, without license or authorization to do so, contributes to or induces the infringement of the '381 patent by manufacturing, selling, distributing, loaning, or otherwise making available the REVERE® Deformity Vertebral Derotation Instruments to surgeons performing spinal derotation procedures resulting in the performance of the methods claimed in the '358 patent, for example in claims 4 and 5.

58.     Upon information and belief, Globus provides either along with or in conjunction with the REVERE® Deformity Vertebral Derotation Instruments instruction, education, or encouragement to surgeons performing spinal derotation procedures to infringe at least the identified claims of the '358 patent.

59.     For example, as shown above in paragraph 46, when assembled the REVERE® Deformity Vertebral Derotation Instruments have at least two sets of pedicles screws implanted in multiple levels of vertebrae, engagement members which act as levers attached to the pedicle screws, said engagement members designed to be grasped by one's hand, linking the engagement

10

members one to another on both sides of the spine as well as across the spine, such that when force is applied to the entire construct the force is received simultaneously across the engagement members resulting in the derotation of the vertebrae.

60. When the REVERE® Deformity Vertebral Derotation Instruments are constructed as depicted in paragraph 46 the construct necessarily infringes at least claims 4 and 5 of the '358 patent and has no substantial non-infringing use and is not a stable article of commerce.

61. Globus, without license or authorization to do so, contributes to or induces the infringement of the '381 patent by manufacturing, selling, distributing, loaning, or otherwise making available the CREO® Derotation System to surgeons performing spinal derotation procedures resulting in the performance of the methods claimed in the '358 patent, for example in claims 4 and 5.

62. Upon information and belief, Globus provides either along with or in conjunction with the CREO® Derotation System instruction, education, or encouragement to surgeons performing spinal derotation procedures to infringe at least the identified claims of the '358 patent.

63. For example, as shown above in paragraph 51, when assembled the CREO® Derotation System have at least two sets of pedicles screws implanted in multiple levels of vertebrae, engagement members which act as levers attached to the pedicle screws, said engagement members designed to be grasped by one's hand, linking the engagement members one to another on both sides of the spine as well as across the spine, such that when force is applied to the entire construct the force is received simultaneously across the engagement members resulting in the derotation of the vertebrae.

64.     When the CREO® Derotation System is constructed as depicted in paragraph 51 the construct necessarily infringes at least claims 4 and 5 of the '358 patent and has no substantial non-infringing use and is not a stable article of commerce.

65.     At all times relevant to this cause of action, Globus provided the instruction, education, encouragement, or direction described above to surgeons with the intent of having those surgeons perform the methods of the '358 patent and infringe the claims therein.

66.     Globus knows and at all relevant times has known of its infringement of the '358 patent or at the very least has been willfully blind to its infringement of the '358 patent.

67.     Because Globus knowns and at all relevant times has known of its infringement of the '358 patent or at the very least has been willfully blind to its infringement of the '358 patent its infringement is deliberate and willful.

68.     Dr. Barry has been and continues to be damaged and irreparably harmed by Globus's infringement of the '358 patent.

69.     Upon information and belief, such infringement has been, and will continue to be, willful and upon further belief Globus lacks any reasonable invalidity or non-infringement defense making this case exceptional and entitling Dr. Barry to increased damages and reasonably attorney's fees pursuant to 35 U.S.C. §§ 284 and 285.

**COUNT II:  WILLFUL INFRINGEMENT OF THE '121 PATENT**

70.     Dr. Barry incorporates by reference the averments of paragraphs 1-69 of this Complaint as though fully set forth here.

71.     Globus, without license or authorization to do so, infringes the '121 patent by manufacturing, selling, distributing, loaning, or otherwise making available the REVERE®

Deformity Vertebral Derotation Instruments to surgeons performing spinal derotation procedures and thus infringing the systems of the '121 patent, for example in claims 2, 3, and 4.

72.    Globus, without license or authorization to do so, contributes to or induces the infringement of the '121 patent by manufacturing, selling, distributing, loaning, or otherwise making available the REVERE® Deformity Vertebral Derotation Instruments to surgeons for assembly into the systems of the '121 patent, for example in claims 2, 3, and 4.

73.    Upon information and belief, Globus provides either along with or in conjunction with the REVERE® Deformity Vertebral Derotation Instruments instruction, education, or encouragement to surgeons performing spinal derotation procedures to infringe at least the identified claims of the '121 patent.

74.    For example, as shown above in paragraph 46, when assembled the REVERE® Deformity Vertebral Derotation Instruments have at least two sets of pedicles screws implanted in multiple levels of vertebrae totaling six pedicle screws, engagement members which act as levers attached to the pedicle screws, said engagement members designed to be grasped by one's hand, linking the engagement members one to another on both sides of the spine as well as across the spine, such that when force is applied to the entire construct the force is received simultaneously across the engagement members resulting in the derotation of the vertebrae.

75.    When the REVERE® Deformity Vertebral Derotation Instruments are constructed as depicted in paragraph 46 the construct necessarily infringes at least claims 2, 3, and 4 of the '121 patent and has no substantial non-infringing use and is not a stable article of commerce.

76.    Globus, without license or authorization to do so, infringes the '121 patent by manufacturing, selling, distributing, loaning, or otherwise making available the CREO®

Derotation System to surgeons performing spinal derotation procedures and thus infringing the systems of the '121 patent, for example in claims 2, 3, and 4.

77.     Globus, without license or authorization to do so, contributes to or induces the infringement of the '121 patent by manufacturing, selling, distributing, loaning, or otherwise making available the CREO® Derotation System to surgeons for assembly into the systems of the '121 patent, for example in claims 2, 3, and 4.

78.     Upon information and belief, Globus provides either along with or in conjunction with the CREO® Derotation System instruction, education, or encouragement to surgeons performing spinal derotation procedures to infringe at least the identified claims of the '121 patent.

79.     For example, as shown above in paragraph 51, when the CREO® Derotation System is assembled on three levels of vertebrae it will have at least two sets of pedicles screws implanted in multiple levels of vertebrae totaling six pedicle screws, engagement members which act as levers attached to the pedicle screws, said engagement members designed to be grasped by one's hand, linking the engagement members one to another on both sides of the spine as well as across the spine, such that when force is applied to the entire construct the force is received simultaneously across the engagement members resulting in the derotation of the vertebrae.

80.     When the CREO® Derotation System is constructed across three levels of vertebrae following what is shown in paragraph 51 the construct necessarily infringes at least claims 2, 3, and 4 of the '121 patent and has no substantial non-infringing use and is not a stable article of commerce.

81.     At all times relevant to this cause of action, Globus provided the instruction, education, encouragement, or direction described above to surgeons with the intent of having those surgeons construct and use the systems of the '121 patent and infringe the claims therein.

82.     Globus knows and at all relevant times has known of its infringement of the '121 patent or at the very least has been willfully blind to its infringement of the '121 patent.

83.     Because Globus knowns and at all relevant times has known of its infringement of the '121 patent or at the very least has been willfully blind to its infringement of the '121 patent its infringement is deliberate and willful.

84.     Dr. Barry has been and continues to be damaged and irreparably harmed by Globus's infringement of the '121 patent.

85.     Upon information and belief, such infringement has been, and will continue to be, willful and upon further belief Globus lacks any reasonable invalidity or non-infringement defense making this case exceptional and entitling Dr. Barry to increased damages and reasonably attorney's fees pursuant to 35 U.S.C. §§ 284 and 285.

## COUNT III:  WILLFUL INFRINGEMENT OF THE '301 PATENT

86.     Dr. Barry incorporates by reference the averments of paragraphs 1-85 of this Complaint as though fully set forth here.

87.     Globus, without license or authorization to do so, infringes the '301 patent by manufacturing, selling, distributing, loaning, or otherwise making available the REVERE® Deformity Vertebral Derotation Instruments to surgeons performing spinal derotation procedures and thus infringing the systems of the '301 patent, for example in claims 1-5.

88.     Globus, without license or authorization to do so, contributes to or induces the infringement of the '301 patent by manufacturing, selling, distributing, loaning, or otherwise

making available the REVERE® Deformity Vertebral Derotation Instruments to surgeons for assembly into the systems of the '301 patent and the methods of the '301 patent, for example in claims 1-10.

89.     Upon information and belief, Globus provides either along with or in conjunction with the REVERE® Deformity Vertebral Derotation Instruments instruction, education, or encouragement to surgeons performing spinal derotation procedures to infringe at least the identified claims of the '301 patent.

90.     For example, as shown above in paragraph 46, when assembled the REVERE® Deformity Vertebral Derotation Instruments have at least two sets of pedicles screws implanted in multiple levels of vertebrae totaling six pedicle screws, engagement members which act as levers attached to the pedicle screws, said engagement members designed to be grasped by one's hand, linking the engagement members one to another on both sides of the spine as well as across the spine, such that when force is applied to the entire construct the force is received simultaneously across the engagement members resulting in the derotation of the vertebrae.

91.     When the REVERE® Deformity Vertebral Derotation Instruments are constructed as depicted in paragraph 46 the construct necessarily infringes the claims of the '301 patent and has no substantial non-infringing use and is not a stable article of commerce.

92.     Globus, without license or authorization to do so, infringes the '301 patent by manufacturing, selling, distributing, loaning, or otherwise making available the CREO® Derotation System to surgeons performing spinal derotation procedures and thus infringing the systems of the '301 patent, for example in claims 1-5.

93.     Globus, without license or authorization to do so, contributes to or induces the infringement of the '301 patent by manufacturing, selling, distributing, loaning, or otherwise

16

making available the CREO® Derotation System to surgeons for assembly into the systems of the '301 patent and the methods of the '301 patent, for example in claims 1-10.

94.     Upon information and belief, Globus provides either along with or in conjunction with the CREO® Derotation System instruction, education, or encouragement to surgeons performing spinal derotation procedures to infringe at least the identified claims of the '301 patent.

95.     For example, as shown above in paragraph 51, when the CREO® Derotation System is assembled on three levels of vertebrae it will have at least two sets of pedicles screws implanted in multiple levels of vertebrae totaling six pedicle screws, engagement members which act as levers attached to the pedicle screws, said engagement members designed to be grasped by one's hand, linking the engagement members one to another on both sides of the spine as well as across the spine, such that when force is applied to the entire construct the force is received simultaneously across the engagement members resulting in the derotation of the vertebrae.

96.     When the CREO® Derotation System is constructed across three levels of vertebrae following what is shown in paragraph 51 the construct necessarily infringes the claims of the '301 patent and has no substantial non-infringing use and is not a stable article of commerce.

97.     At all times relevant to this cause of action, Globus provided the instruction, education, encouragement, or direction described above to surgeons with the intent of having those surgeons construct and use the systems of the '301 patent and infringe the claims, including the methods, therein.

98.     Globus knows and at all relevant times has known of its infringement of the '301 patent or at the very least has been willfully blind to its infringement of the '301 patent.

99.     Because Globus knowns and at all relevant times has known of its infringement of the '301 patent or at the very least has been willfully blind to its infringement of the '301 patent its infringement is deliberate and willful.

100.    Dr. Barry has been and continues to be damaged and irreparably harmed by Globus's infringement of the '301 patent.

101.    Upon information and belief, such infringement has been, and will continue to be, willful and upon further belief Globus lacks any reasonable invalidity or non-infringement defense making this case exceptional and entitling Dr. Barry to increased damages and reasonably attorney's fees pursuant to 35 U.S.C. §§ 284 and 285.

**COUNT IV:  WILLFUL INFRINGEMENT OF THE '787 PATENT**

102.    Dr. Barry incorporates by reference the averments of paragraphs 1-102 of this Complaint as though fully set forth here.

103.    Globus, without license or authorization to do so, contributes to or induces the infringement of the '787 patent by manufacturing, selling, distributing, loaning, or otherwise making available the REVERE® Deformity Vertebral Derotation Instruments to surgeons performing spinal derotation procedures resulting in the performance of the methods claimed in the '787 patent, for example in claims 1-9.

104.    Upon information and belief, Globus provides either along with or in conjunction with the REVERE® Deformity Vertebral Derotation Instruments instruction, education, or encouragement to surgeons performing spinal derotation procedures to infringe at least the identified claims of the '787 patent.

18

105.    For example, as shown above in paragraph 46, when assembled the REVERE®
Deformity Vertebral Derotation Instruments have at least two sets of pedicles screws implanted
in multiple levels of vertebrae totaling more than four screws, engagement members which act as
levers attached to the pedicle screws, said engagement members designed to be grasped by one's
hand, linking the engagement members one to another on both sides of the spine as well as
across the spine, such that when force is applied to the entire construct the force is received
simultaneously across the engagement members resulting in the derotation of the vertebrae.

106.    When the REVERE® Deformity Vertebral Derotation Instruments are
constructed as depicted in paragraph 46 the construct necessarily infringes the claims the '787
patent and has no substantial non-infringing use and is not a stable article of commerce.

107.    Globus, without license or authorization to do so, contributes to or induces the
infringement of the '787 patent by manufacturing, selling, distributing, loaning, or otherwise
making available the CREO® Derotation System to surgeons performing spinal derotation
procedures resulting in the performance of the methods claimed in the '787 patent, for example
in claims 1-9.

108.    Upon information and belief, Globus provides either along with or in conjunction
with the CREO® Derotation System instruction, education, or encouragement to surgeons
performing spinal derotation procedures to infringe at least the identified claims of the '787
patent.

109.    For example, as shown above in paragraph 51, when assembled the CREO®
Derotation System have at least two sets of pedicles screws implanted in multiple levels of
vertebrae totaling more than four screws, engagement members which act as levers attached to
the pedicle screws, said engagement members designed to be grasped by one's hand, linking the

engagement members one to another on both sides of the spine as well as across the spine, such that when force is applied to the entire construct the force is received simultaneously across the engagement members resulting in the derotation of the vertebrae.

110.   When the CREO® Derotation System is constructed as depicted in paragraph 51 the construct necessarily infringes the claims of the '787 patent and has no substantial non-infringing use and is not a stable article of commerce.

111.   At all times relevant to this cause of action, Globus provided the instruction, education, encouragement, or direction described above to surgeons with the intent of having those surgeons perform the methods of the '787 patent and infringe the claims therein.

112.   Globus knows and at all relevant times has known of its infringement of the '787 patent or at the very least has been willfully blind to its infringement of the '787 patent.

113.   Because Globus knowns and at all relevant times has known of its infringement of the '787 patent or at the very least has been willfully blind to its infringement of the '787 patent its infringement is deliberate and willful.

114.   Dr. Barry has been and continues to be damaged and irreparably harmed by Globus's infringement of the '787 patent.

115.   Upon information and belief, such infringement has been, and will continue to be, willful and upon further belief Globus lacks any reasonable invalidity or non-infringement defense making this case exceptional and entitling Dr. Barry to increased damages and reasonably attorney's fees pursuant to 35 U.S.C. §§ 284 and 285.

**COUNT V:  WILLFUL INFRINGEMENT OF THE '788 PATENT**

116.   Dr. Barry incorporates by reference the averments of paragraphs 1-115 of this Complaint as though fully set forth here.

117.    Globus, without license or authorization to do so, infringes the '788 patent by manufacturing, selling, distributing, loaning, or otherwise making available the REVERE® Deformity Vertebral Derotation Instruments to surgeons performing spinal derotation procedures and thus infringing the systems of the '788 patent, for example in claims 1-6.

118.    Globus, without license or authorization to do so, contributes to or induces the infringement of the '788 patent by manufacturing, selling, distributing, loaning, or otherwise making available the REVERE® Deformity Vertebral Derotation Instruments to surgeons for assembly into the systems of the '788 patent, for example in claims 1-6.

119.    Upon information and belief, Globus provides either along with or in conjunction with the REVERE® Deformity Vertebral Derotation Instruments instruction, education, or encouragement to surgeons performing spinal derotation procedures to infringe at least the identified claims of the '788 patent.

120.    For example, as shown above in paragraph 46, when assembled the REVERE® Deformity Vertebral Derotation Instruments have at least two sets of pedicles screws implanted in multiple levels of vertebrae totaling more than four pedicle screws, engagement members which act as levers attached to the pedicle screws, said engagement members designed to be grasped by one's hand, linking the engagement members one to another on both sides of the spine as well as across the spine, such that when force is applied to the entire construct the force is received simultaneously across the engagement members resulting in the derotation of the vertebrae.

121.    When the REVERE® Deformity Vertebral Derotation Instruments are constructed as depicted in paragraph 46 the construct necessarily infringes the claims of the '788 patent and has no substantial non-infringing use and is not a stable article of commerce.

122.    Globus, without license or authorization to do so, infringes the '788 patent by manufacturing, selling, distributing, loaning, or otherwise making available the CREO® Derotation System to surgeons performing spinal derotation procedures and thus infringing the systems of the '788 patent, for example in claims 1-6.

123.    Globus, without license or authorization to do so, contributes to or induces the infringement of the '788 patent by manufacturing, selling, distributing, loaning, or otherwise making available the CREO® Derotation System to surgeons for assembly into the systems of the '788 patent, for example in claims 1-6.

124.    Upon information and belief, Globus provides either along with or in conjunction with the CREO® Derotation System instruction, education, or encouragement to surgeons performing spinal derotation procedures to infringe at least the identified claims of the '788 patent.

125.    For example, as shown above in paragraph 51, when the CREO® Derotation System is assembled it will have at least two sets of pedicles screws implanted in multiple levels of vertebrae totaling at least four pedicle screws, engagement members which act as levers attached to the pedicle screws, said engagement members designed to be grasped by one's hand, linking the engagement members one to another on both sides of the spine as well as across the spine, such that when force is applied to the entire construct the force is received simultaneously across the engagement members resulting in the derotation of the vertebrae.

126.    When the CREO® Derotation System is constructed as is shown in paragraph 51 the construct necessarily infringes the claims of the '788 patent and has no substantial non-infringing use and is not a stable article of commerce.

22

127.    At all times relevant to this cause of action, Globus provided the instruction, education, encouragement, or direction described above to surgeons with the intent of having those surgeons construct and use the system of the '788 patent and infringe the claims therein.

128.    Globus knows and at all relevant times has known of its infringement of the '788 patent or at the very least has been willfully blind to its infringement of the '788 patent.

129.    Because Globus knowns and at all relevant times has known of its infringement of the '788 patent or at the very least has been willfully blind to its infringement of the '788 patent its infringement is deliberate and willful.

130.    Dr. Barry has been and continues to be damaged and irreparably harmed by Globus's infringement of the '788 patent.

131.    Upon information and belief, such infringement has been, and will continue to be, willful and upon further belief Globus lacks any reasonable invalidity or non-infringement defense making this case exceptional and entitling Dr. Barry to increased damages and reasonably attorney's fees pursuant to 35 U.S.C. §§ 284 and 285.

## PRAYER FOR RELIEF

WHEREFORE, Dr. Barry requests the following relief:

A.    JUDGMENT under 35 U.S.C. § 271 that Globus willfully infringes Dr. Barry's patents referenced and detailed above;

B.    DAMAGES under 35 U.S.C. § 284 adequate to compensate Dr. Barry for Globus's willful infringement and continued infringement of Dr. Barry's patents referenced and detailed above;

C.    TREBLING or other enhancement of the DAMAGES pursuant to 35 U.S.C. § 284 as a result of Globus's willful and deliberate acts of infringement;

23

D.   AWARD pursuant to 35 U.S.C. § 284 of costs and pre- and post- judgment interest on Dr. Barry's compensatory damages; and

E.   AWARD pursuant to 35 U.S.C. § 285 of Dr. Barry's attorneys' fess incurred in this action; and

F.   ALL OTHER RELIEF the Court deems warranted and appropriate.

## JURY TRIAL REQUEST

Dr. Barry pursuant to the Seventh Amendment of the United States Constitution requests trial by jury on all issues properly heard by a jury.

Dated: July 5, 2017

HANGLEY ARONCHICK SEGAL
PUDLIN & SCHILLER

By: _____
John S. Stapleton (Attorney ID No. 200872)
Jonathan L. Cochran (Attorney ID No. 314382)
One Logan Square, 27th Floor
Philadelphia, PA  19103
(215) 568-6200
jstapleton@hangley.com
jcochran@hangley.com


Of counsel:

KILPATRICK TOWNSEND & STOCKTON, LLP
D. Clay Holloway (*pro hac vice* application to be filed)
Mitchell G. Stockwell (*pro hac vice* application to be filed)
Suite 2800, 1100 Peachtree Street NE
Atlanta, GA, 30309-4528
(404) 815-6537
cholloway@kilpatricktownsend.com
mstockwell@kilpatricktownsend.com

Dario Alexander Machleidt (*pro hac vice* application to be filed)
Suite 3700, 1420 Fifth Avenue
Seattle, WA 98101
(206) 467-9600
dmachleidt@kilpatricktownsend.com

Erwin Lee Cena (*pro hac vice* application to be filed)
Suite 400, 12730 High Bluff
San Diego, CA 92130
(858) 350-6100
ecena@kilpatricktownsend.com

Kevin J. O'Brien (*pro hac vice* application to be filed)
Suite 1900, Two Embarcadero Center
San Francisco, CA 94111
(415) 273-4316
kobrien@kilpatricktownsend.com

*Counsel for Plaintiff, Dr. Mark A. Barry*